UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: SUBPOENA TO CLEMENT GRASSI, M.D., _____ | ) ) ) ) | MBD NO. 13-91269-PBS |
| KEVIN PHILLIPS, | ) ) | |
| Plaintiff, v. | ) ) ) | CIVIL ACTION NO. 3:12-CV-00344-RCJ- |
| C.R. BARD, INC., et al., | ) ) | WGC (D. Nev.) |
| Defendants. | ) | |

**ORDER ON CLEMENT GRASSI'S MOTION
TO QUASH AND FOR PROTECTIVE ORDER**

This matter is before the court on "Clement Grassi's Motion to Quash Subpoena and for Protective Order" (Docket No. 1) by which Clement Grassi, M.D., a consulting expert retained by defendant C.R. Bard, Inc., is seeking to quash a subpoena commanding him to testify at a deposition and to respond to 82 separate requests for the production of documents and electronically stored information. After consideration of the parties' written submissions and their oral arguments, Dr. Grassi's motion is ALLOWED WITHOUT PREJUDICE to the plaintiff's ability to seek relief from the court in Nevada.

Dr. Grassi has brought his motion pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure. Rule 26 provides in relevant part as follows:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of

> litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only: (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). Under Rule 45, the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Dr. Grassi has shown that the subpoena that was served on him should be quashed under both of these Rules.

This court finds, as an initial matter, that the request for production attached to the subpoena is overly burdensome. As indicated above, it contains 82 separate requests for documents and electronically stored information ("ESI") relating to, among other things, various medical devices that were manufactured by Bard. The requests also seek information that was generated or maintained over a lengthy, and often unlimited, span of time. In addition, many of the requests appear to have nothing to do with any work that Dr. Grassi may have performed. Instead, they seek documents and ESI that were created or maintained by Bard, and concern such matters as Bard's marketing activities, training activities, and financial information. Because the subpoena seeks an enormous amount of information, from an individual who is not a party to the litigation, about matters that may not even concern Dr. Grassi, this court finds that the subpoena must be quashed. Given the clear over-breadth of the subpoena, this court rejects plaintiff's argument that Dr. Grassi's counsel should have engaged in a more substantive "meet and confer" session before filing the motion for a protective order.

Additionally, the record does not support the plaintiff's argument that he wishes to depose Dr. Grassi for the limited purpose of obtaining factual information pertaining mainly to Dr. Grassi's work in connection with a 2001 article entitled, "Quality Improvement Guidelines for Percutaneous Permanent Inferior Vena Cava Filter Placement for the Prevention of Pulmonary Embolism." Thus, the plaintiff argues, he is entitled to depose Dr. Grassi because he is seeking information known to Dr. Grassi which was acquired before he was retained by Bard. See Rocky Mountain Natural Gas v. Cooper Indus., 166 F.R.D. 481, 482 (D. Colo. 1996) (courts allow "a party to engage in discovery with respect to information consultive experts acquired *prior* to being retained by an opposing party in anticipation of the underlying litigation"). However, this purported limitation as to the scope of the deposition was not only called into question by the description of the proposed testimony during oral argument, but it is also belied by the subpoena. The request for production attached to the subpoena makes no mention of the 2001 article, and seeks extensive information that is wholly unrelated to the 2001 article. Accordingly, it undermines any suggestion that the plaintiff is seeking only facts known to Dr. Grassi, or opinions held by him, before Dr. Grassi was retained by Bard as an expert.

The subpoena supports Dr. Grassi's assertion that the plaintiff is attempting to perform an end-run around the restrictions on discovery of a party's consulting expert. Furthermore, to the extent the plaintiff is seeking information regarding the 2001 article, it has not shown that it would be impracticable to obtain that information from alternative sources. While the article indicates that Dr. Grassi was its lead author, there are ten other

3

medical doctors who are listed as authors.  Therefore, the plaintiff has failed to demonstrate that any information it requires could not be obtained from one or more of those individuals.

Finally, this court finds that the plaintiff should have waited until after the deadline to designate experts to attempt to depose Dr. Grassi.  It is possible that Dr. Grassi will be named by Bard as a testifying expert, in which case the plaintiff will have an opportunity to conduct his deposition, and to examine him regarding his opinions, as well as the basis for those opinions.  See Fed. R. Civ. P. 26(b)(4)(A).  If Dr. Grassi is not designated as a testifying expert, the plaintiff may seek to establish exceptional circumstances for taking his deposition at that time. However, "[u]ntil the defendant is required to make a final decision regarding expert testimony,. . . the court finds that the plaintiff['s] attempt to discover expert information is premature.  See Perry v. United States, No. CA3:96-CV-2038-T, 1997 U.S. Dist. LEXIS 23875 (N.D. Tex. Feb. 4, 1997).

In light of the shifting description of the scope of the proposed deposition, this court has allowed Dr. Grassi's motion to quash the subpoena and for a protective order without prejudice.  The plaintiff may seek guidance fixing the scope and scheduling of a deposition of Dr. Grassi in the context of the pending litigation where the relevance and timing of the deposition may be more appropriately evaluated.  Based on the record before this court, the deposition should not go forward at this time.

## ORDER

Dr. Grassi's motion to quash the subpoena and for a protective order (Docket No. 1) is ALLOWED WITHOUT PREJUDICE to the plaintiff's ability to seek relief from the court in Nevada.

DATED: December 13, 2013

             / s / Judith Gail Dein
             Judith Gail Dein
             United States Magistrate Judge